

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00073-CR

Hernan **CORTEZ** III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 09-1441-CR
Honorable Brenda Chapman, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  April 17, 2013

AFFIRMED

Hernan Cortez III appeals his conviction for delivery of a controlled substance, a first degree felony. In two issues, Cortez contends (1) the evidence was legally insufficient to convict him of delivery of a controlled substance by actual transfer, and (2) the trial court misstated the law of parties in the application paragraph of the jury charge, thereby causing him egregious harm. We affirm the trial court's judgment.

**BACKGROUND**

At trial, there was testimony that in March 2009, the narcotics division of the Guadalupe County Sheriff's Office was conducting an investigation involving Danny Register. Rube Rodriguez, an undercover officer, had been introduced to Register by an informant. Based on this introduction, Rodriguez began purchasing cocaine from Register. Rodriguez testified that on March 19th, he contacted Register by cell phone to arrange a purchase of one-half ounce of cocaine for $375. They arranged to meet at a car wash. Although Rodriguez thought he was dealing with Register, in fact, he was dealing with a man named Oscar Garza. While Rodriguez was waiting at the car wash, he got two to three phone calls from Garza who said he was waiting for someone to pick him up to take him to the car wash. Rodriguez waited at the car wash until a green Toyota pulled up. Rodriguez exited his vehicle and walked up to the Toyota. Garza, who Rodriguez recognized from prior drug purchases, was in the back seat behind the driver. Appellant Cortez was driving the car. A female was sitting in the front passenger seat. When Garza rolled down the back window of the car, Rodriguez approached. Cortez looked back and said he had driven from the other side of New Braunfels and wanted an extra $25 for gas. Rodriguez paid the agreed upon amount of $375, plus the $25 Cortez had demanded. According to Rodriguez, Cortez, who kept looking back, did not appear to be shocked that a drug deal was taking place in the backseat of the car.

As Rodriguez and Garza completed the transaction, they discussed the substance Garza was selling. According to Rodriguez, Garza said, in a regular tone of voice, "When [I] broke it off the brick, there was some powder that was left, but it's all pure." Rodriguez testified that the other people in the vehicle could hear what Garza was saying. According to Rodriguez, it did not appear Garza was trying to hide what he was doing. Indeed, Garza did not try to get Rodriguez to be quiet. Thus, Rodriguez testified that he assumed Cortez knew what was going on.

The transaction was videotaped. From the videotape, the sheriff's department was able to identify Cortez as the driver. The State charged Cortez as a party to the offense of delivery of a controlled substance, namely cocaine. After a trial, Cortez was found guilty. He now appeals.

### SUFFICIENCY OF THE EVIDENCE

In a federal due-process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). The Court of Criminal Appeals has explained that this standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Adames*, 353 S.W.3d at 860. Therefore, on appellate review, we determine whether based on "cumulative force of all the evidence" the necessary inferences made by the trier of fact are reasonable. *Id.* We conduct this constitutional review by measuring the evidentiary sufficiency with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*

To prove delivery of a controlled substance, the State must show a defendant knowingly delivered or possessed with intent to deliver a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). To prove a defendant guilty as a party to the offense, the State had the burden to show the defendant, acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011).

In determining whether a defendant participated as a party, the court may look to events occurring before, during, and after the offense and may rely on actions of the defendant that show an understanding and common design to do the act. *Gross v. State*, 380 S.W.3d 181, 186

(Tex. Crim. App. 2012); *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985). And, circumstantial evidence may be used as proof. *Gross*, 380 S.W.3d at 186; *Beier*, 687 S.W.2d at 3. "Each fact need not point directly to the guilt of the defendant, so long as the cumulative effect of the facts are sufficient to support the conviction under the law of parties." *Gross*, 380 S.W.3d at 186. When applying the law of parties to the offense of delivery of a controlled substance, the State must show that the actual transferor committed the offense and that the party encouraged, directed, or aided in the commission of the offense. *Cano v. State*, 3 S.W.3d 99, 106 (Tex. App.—Corpus Christi 1999, pet. ref'd). The evidence is sufficient where the actor is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. *Id.*

Here, the evidence is legally sufficient to support the conviction of Cortez as a party to the offense of delivery of a controlled substance. Cortez was physically present at the commission of the offense. Cortez drove the vehicle in which the drug transaction took place. Although Garza, who actually sold the cocaine to Rodriguez, was riding in the back seat of the vehicle, Cortez kept looking back toward the back seat during the transaction. Further, Cortez told Rodriguez that he had driven from the other side of New Braunfels and that he wanted an additional $25 for the gas. According to Rodriguez, Cortez did not appear shocked that a drug deal was taking place in the back seat. And, the conversation between Garza and Rodriguez concerning the transaction was in a regular tone of voice so that others in the vehicle could hear. It did not appear to Rodriguez that Garza was trying to hide what he was doing or that he wanted Rodriguez to be quiet. Thus, Rodriguez testified that he assumed Cortez knew there was a drug transaction occurring. Based on the evidence, the jury could have found that Cortez, acting with intent to promote or assist the commission of delivery of a controlled substance, solicited, encouraged, directed, aided or attempted to aid Garza to commit the offense. Thus, we hold the

evidence is legally sufficient to support Cortez's conviction and overrule Cortez's first issue on appeal.

## JURY CHARGE ERROR

In reviewing charge error, we must first determine whether error exists. *Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). If we find error, we must then determine whether the error caused sufficient harm to require reversal. *Id.* The degree of harm necessary for reversal depends upon whether the error was preserved. *Id.* Error properly preserved by an objection to the charge will require reversal as long as the error is not harmless. *Id.* The Court of Criminal Appeals has interpreted this to mean that any harm, regardless of degree, is sufficient to require reversal. *Id.* But when the charging error is not preserved, a greater degree of harm is required, and this standard of harm is described as egregious harm. *Id.* Errors that result in egregious harm are those affecting the "very basis of the case," "those depriving the defendant of a valuable right" or those that "vitally affect a defensive theory." *Id.*

> The relevant portion of the abstract instruction in the case herein provided:
>
> A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with commission of the offense.
>
> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.
>
> Mere presence alone will not constitute one a party to an offense.

Additionally, the relevant portion of the application portion of the jury charge provided:

> If you find from the evidence beyond a reasonable doubt that the defendant, Hernan Cortez, III, on or about the 19th day of March 2009 in Guadalupe County, Texas did then and there, acting alone or as a party as defined herein intentionally

or knowingly deliver by actual transfer to Rube Rodriguez a controlled substance, namely Cocaine, . . . you will find the defendant guilty of Delivery of a Controlled Substance as charged in the indictment.

Cortez did not object to the charge, but argues on appeal that the trial court erred in charging the jury erroneously on the law of parties and that the case must be reversed because he suffered egregious harm. Cortez's specific complaint is that "[t]he application paragraph, other than its reference back to the abstract portion of the charge, fails to denote the specific intent required, the intent to promote or assist the commission of the offense." Thus, according to Cortez, "the charge allowed the jury to convict [him] if [the jury] found that he intentionally or knowingly delivered a controlled substance, alone or as a party, rather than the higher mental state of specific intent to promote or assist in the commission of the offense."

The Court of Criminal Appeals and this court have both recently rejected similar arguments. In *Vasquez v. State*, 389 S.W.3d 361, 368 (Tex. Crim. App. 2012), the court considered a charge similar to the one herein and stated:

> In sum, a general reference to the law of parties in the application paragraph is sufficient and is not error when the defendant does not object and request a narrowing of the specific statutory modes of conduct that constitute party liability — whether he "solicited, encouraged, directed, aided or attempted to aid" another specified person to commit the offense. But if the defendant does request that the application paragraph refer *only* to those specific party-liability acts that are supported by the evidence, then he is entitled to such a narrowing. The failure to narrow the specific modes of party-liability conduct when properly requested is reversible error if the defendant has suffered actual harm to his rights.

*Id.* (emphasis in original). Likewise, this court was presented with a similar argument in *Jackson v. State*, No. 04-11-00499-CR, 2012 WL 5416204, at *5 (Tex. App.—San Antonio 2012, pet. ref'd). In *Jackson*, the appellant argued that the application paragraph of the "charge was insufficient because the court failed to instruct the jury as to the 'type of assistance' the State claims [the appellant] provided to the principal actor during the commission of the offense." Citing *Vasquez*, we found no error because the language in the application paragraph charging

the jury it could find the appellant guilty if he either acted alone or together as party with [another actor] was a clear reference to the abstract definition of party responsibility. And because the appellant failed to object or request the court to narrow the application paragraphs to refer only to the specific party-liability acts that were supported by the evidence, there was no error in the charge. *Id.*

Similarly, here, Cortez did not object to the charge or request the court to narrow the application paragraphs to refer only to the specific party-liability acts that were supported by the evidence. Thus, for the reasons stated in both *Vasquez* and *Jackson*, we hold that there was no error in this charge.

## CONCLUSION

We conclude that the evidence was legally sufficient to support the trial court's judgment. Further, we find no error in the jury charge. We therefore affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish