

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1688-11

**JIMMIE GROSS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

**MEYERS, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

Appellant was convicted of murder and sentenced to ten years in prison. Finding

the evidence insufficient to support Appellant's conviction for murder under the law of

parties, the Fourteenth Court of Appeals reversed the judgment of the trial court and

rendered a judgment of acquittal. *Gross v. State*, 352 S.W.3d 238, 244 (Tex.

App.—Houston [14th Dist.] 2011, pet. granted). The State filed a petition for

discretionary review, which we granted on two grounds. We now affirm the judgment of

the court of appeals.

## BACKGROUND

*Facts*

The victim, Corkney Lee, was shot and killed by Appellant's brother-in-law, John Jones. Appellant testified at Jones's trial, and Jones was convicted of murder. Appellant's testimony in Jones's trial was read into the record by the State at his own trial. No eyewitnesses testified, but the testimony of an investigating officer, based on witness interviews, was consistent with Appellant's version of the events. *Gross*, 352 S.W.3d at 239 n.1.

Appellant was driving Jones home from a club at approximately 7:30 p.m. Appellant stopped his truck to let another car out of a parking lot and stopped to the right of the car at a red light. The passenger of the other car, a woman, motioned for Appellant to roll his window down. He did so, and the driver of the other car, Lee, asked if Appellant knew him. Appellant responded that he did not know him, and Lee asked why Appellant was watching him. Appellant said that he was not watching him. The conversation escalated into a verbal altercation, and Lee asked Appellant to pull over. He complied, and Appellant and the victim exited their vehicles in the parking lot of a gas station and convenience store.

The two men continued to exchange words. Approximately one minute after they parked, Jones exited the vehicle, but Appellant said that he did not notice that Jones had

exited the truck. Appellant turned around and saw Jones with a shotgun, which was pointed at Appellant and Lee. The gun had been stored in Appellant's truck, but he did not own it. Lee ran toward the convenience store, and Appellant shouted, "No, no." He heard the sound of the shotgun firing, panicked, and drove away with Jones and the gun. Appellant dropped Jones off at his grandmother's house, and Jones took the gun with him. Appellant drove back to the convenience store and saw several police cars, ambulances, and a body.

The following morning, Appellant called a friend with the Houston Police Department and was advised to contact an attorney. A Crime Stoppers tip led investigators to Appellant. Appellant was contacted by police but denied that he participated in the murder. A confidential informant told police that Appellant admitted involvement in the case, and the police issued a probable cause warrant to bring him in for questioning. Appellant denied involvement and did not mention Jones's name. The police conducted a video lineup, which was later viewed by witnesses. Appellant was identified and charged with murder.

### *Procedural History*

Appellant was tried by a jury and found guilty of murder as a party. The trial court sentenced him to ten years in prison. Appellant appealed his conviction to the Fourteenth Court of Appeals, contending that the evidence was legally and factually insufficient to sustain his conviction under the law of parties. *Gross*, 352 S.W.3d at 240. The Court of

Appeals determined that, although the jury was free to infer that Jones was involved in the verbal altercation and knew that Appellant kept a shotgun in his truck, these inferences did not support a prior or contemporaneous plan between Appellant and Jones to kill Lee. *Id.* at 244. The court held that, viewing the evidence in the light most favorable to the verdict, no rational trier of fact could have found Appellant guilty as a party to murder. *Id.* The court of appeals reversed the trial court's judgment and rendered a judgment of acquittal. *Id.*

The State filed a Petition for Discretionary Review, which we granted on two grounds:

> (1) Did the court of appeals err in its sufficiency-of-the-evidence review by utilizing a divide-and-conquer approach rather than viewing all the evidence collectively and allowing for the jury's ability to draw reasonable inferences therefrom?
>
> (2) Is the evidence of appellant's intent sufficient to support his conviction under the law of parties?

## ARGUMENTS OF THE PARTIES

### *The State's Arguments*

On its first ground for review, the State argues that the court of appeals misapplied the sufficiency standard by using a "divide-and-conquer" approach, disregarding some evidence and discounting other evidence that proved the existence of a plan to commit murder. The State contends that the court of appeals placed too much emphasis on Appellant's post-offense conduct, rather than focusing on all of his actions. *See Gross*,

352 S.W.3d at 241-44. The State says that Appellant was present at the scene, served as a getaway driver, and owned the shotgun used to kill Lee. The State asserts that the lower court improperly viewed this evidence separately, rather than allowing the jury's determination of the cumulative weight of the evidence to stand.

The State distinguishes *Morrison v. State*, 608 S.W.2d 233 (Tex. Crim. App. 1980), a case the court of appeals relied upon to support its determination that Appellant's post-offense actions, while relevant to pre-existing intent to commit murder, did not form the basis for liability under the law of parties. *Gross*, 352 S.W.3d at 243. Unlike Appellant, Morrison was not present during the commission of the offense. *See Morrison*, 608 S.W.2d at 234-35. The State points out that not only was Appellant present, he also provided Jones with a weapon and a getaway car, helped Jones avoid apprehension, returned to the scene, and denied involvement when initially questioned. Thus, the State urges, Appellant's post-offense conduct did not stand alone and should have been considered by the majority.

Additionally, the State argues that had the court of appeals viewed the evidence collectively, the evidence of Appellant's intent was sufficient to support his conviction. The State contends that the court of appeals improperly discounted inferences that could be drawn from the evidence that supported the jury's verdict. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (jurors are permitted to make reasonable inferences from the evidence, whether direct or circumstantial, and circumstantial

evidence alone can be sufficient to establish guilt). For example, the State opined that the jury could have inferred that Appellant and Jones discussed the unfolding encounter on the way to the gas station, knowing that they had weapons for the fight. Further, the State suggests that Appellant's role was to distract Lee by continuing the argument while Jones readied the gun. The State concluded that, based on the evidence, inferences, and circumstances viewed in the light most favorable to the verdict, there is sufficient evidence to support Appellant's conviction.

*Appellant's Arguments*

Appellant contends that the court of appeals properly determined that his mere presence at the scene of the crime did not give rise to criminal responsibility for the conduct of Jones. *See Gross*, 352 S.W.3d at 241. Appellant cites *Wooden v. State*, a Fort Worth Court of Appeals case, in which the court stated that, "standing alone, proof that an accused was present at the scene of the crime or assisted the primary actor in making his getaway is insufficient" to support the conviction under the law of parties. 101 S.W.3d 542, 546 (Tex. App.—Fort Worth 2003, pet. ref'd). Appellant argues that the court of appeals used Appellant's "mere presence" as an initial evidentiary hurdle, and then assessed each evidentiary point to determine that collectively, the evidence was insufficient to support the conviction.

Additionally, Appellant argues that the State ignores this Court's holding in *Morrison v. State*, in which we held that acts done after the offense was completed do not

make the accused a party to the offense. 608 S.W.2d 233, 235 (Tex. Crim. App. 1980).

Appellant also contends that the State relies on speculation by creating an inference of a

prior or contemporaneous plan to shoot the victim. Appellant disputes the State's

recitation of facts, including the State's claim that Appellant owned the gun.[1]

## APPLICABLE LAW

### Standard of Review

The United States Constitution requires that a criminal conviction be supported by

evidence "necessary to convince a trier of fact beyond a reasonable doubt of the existence

of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). A

reviewing court must view the evidence in the light most favorable to the verdict and

determine whether any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Id.* at 319; *Laster v. State*, 275 S.W.3d 512, 517-18

(Tex. Crim. App. 2009). Proper deference must be given to the jury's determination of the

credibility of the evidence. *Id.*

### Law of Parties

A person is a criminally responsible party to an offense "if the offense is

committed by his own conduct, by the conduct of another for which he is criminally

responsible, or by both." TEX. PENAL CODE § 7.01 (West 2012). A person is criminally

responsible for the conduct of another if, acting "with intent to promote or assist the

---

[1] The record indicates that Appellant did not own the shotgun.

commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE § 7.02 (West 2012).

To determine whether an individual is a party to an offense, the reviewing court may look to "events before, during, and after the commission of the offense." *Wygal v. State*, 555 S.W.2d 465, 468-69 (Tex. Crim. App. 1977). A court may also rely on circumstantial evidence to prove party status. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996). There must be sufficient evidence of an understanding and common design to commit the offense. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citing *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). Each fact need not point directly to the guilt of the defendant, as long as the cumulative effect of the facts are sufficient to support the conviction under the law of parties. *Id.* However, mere presence of a person at the scene of a crime, or even flight from the scene, without more, is insufficient to support a conviction as a party to the offense. *Thompson v. State*, 697 S.W.2d 413, 417 (Tex. Crim. App. 1985).

**ANALYSIS**

The court of appeals determined that the direct and circumstantial evidence was insufficient to support Appellant's conviction. *Gross*, 352 S.W.3d at 244. The first ground for review asks this Court to determine if the court of appeals erred in its sufficiency of the evidence review by utilizing a "divide-and-conquer" approach rather than viewing all of the evidence collectively and allowing the jury to draw reasonable inferences from the

evidence. The second ground for review questions whether the evidence of Appellant's intent was sufficient to support his conviction under the law of parties. Because these issues overlap, we shall examine the grounds for review together.

The State argues that Appellant's post-offense conduct was not "standing alone" and thus should have been considered by the majority of the court of appeals. The court of appeals noted that "actions and events occurring after the event are relevant to show pre-existing intent," but determined that there was no prior or contemporaneous plan to shoot the victim, and "any conclusion to the contrary" would be based on mere speculation. *Id.* at 243-44. We agree with the court of appeals. Although Appellant's post-offense activity could support a charge of hindering apprehension or prosecution, the evidence of his involvement in the shooting is legally insufficient to support a conviction for murder under the law of parties.

The State urges us to focus on all of Appellant's incriminating behavior, including Appellant's presence at the scene, his possession of the shotgun used in the murder, his involvement in the altercation with Lee, his role as a getaway driver, and his denial of involvement in the crime when initially questioned by the police. The State cites a series of cases in which this Court stated that circumstantial evidence can be used to establish an appellant's guilt.

For instance, in *Ransom v. State*, we found that circumstantial evidence justified the court's parties instruction for a robbery-murder charge. 920 S.W.2d at 302. Four men

were involved, and testimony from an accomplice alleged that the defendant agreed to join a robbery scheme, recruited a friend to become a part of the scheme, was present at the scene, and fired shots at the victim. *Id.* Further, the defendant admitted owning the gun that was found in his bedroom, which matched ballistics from a bullet from the crime scene. *Id.*

The defendant contended that the evidence showed him as guilty only as a primary actor, not guilty as merely a party. *Id.* at 301. We determined that a jury could reasonably infer that another accomplice shot the victim, and the evidence was sufficient to show that the defendant was present at the scene and aided in the commission of the crime. *Id.*

In another case relied upon by the State, this Court affirmed the defendant's conviction after determining that a jury could have reasonably concluded that the defendant was a participant in the murder of his wife. *Guevara v. State*, 152 S.W.3d at 52. Guevara was having an affair with a woman who issued him an ultimatum stating that she would end their relationship "if something didn't happen" with his marriage. *Id.* at 50. The woman killed his wife, and the defendant was found criminally responsible for her actions. *Id.* at 48. Evidence against the defendant included the fact that the victim's large retirement account went to the defendant at her death, the defendant and his mistress were married almost immediately after the money was certain to go to the defendant, the defendant made false statements to the authorities, he took his mistress to a shooting range, he told a friend he was researching how to make a silencer, he owned the gun used

to shoot his wife, bullet casings were found in the defendant's car, and he did not appear upset at the crime scene. *Id.* at 50-51.

We determined that the jury could reasonably conclude that the defendant attempted to manufacture an alibi, tried to mislead the police about his mistress's access to transportation on the day of the shooting, and he had the opportunity to conceal evidence before the police arrived. *Id.* We held that, based on the totality of the evidence, a jury could have reasonably concluded that the defendant was a participant in the murder and that he knew he was assisting in the crime. *Id.* at 52. We noted that each piece of evidence lacked sufficiency when viewed in isolation, but the consistency of the evidence and the reasonable inferences that could be drawn from the evidence were sufficient to support the conviction. *Id.*

Here, like the defendant in *Ransom*, Appellant was present at the scene and the weapon was in his possession. On the other hand, in *Ransom* there was considerably more circumstantial evidence indicating a prior or contemporaneous plan to rob the victim; the defendant agreed to join the robbery scheme, and he recruited a friend to assist in the crime. Although it was probable that the defendant was the primary actor, the evidence that he participated in the crime was substantial enough to support the jury's inference of guilt as a party to the offense.

In *Guevara*, the defendant lied to the police about his knowledge of the crime, and he concealed evidence. Here, Appellant initially denied involvement, and he served as a

getaway driver for Jones as Jones took the gun away from the scene. However, the evidence against Guevara was much stronger than that against Appellant. For example, Guevara had both financial and personal motives to have his wife killed. He provided the weapon, an alibi, and access to the home. After the offense, he lied to the police and attempted to conceal evidence. The jury could reasonably conclude, based on Guevara's actions prior to and after the shooting, that he was involved with the murder of his wife.

Here, the State focuses on Appellant's post-offense conduct, which is relevant, but cannot stand alone. *See Morrison*, 608 S.W.2d at 235. There must also be sufficient evidence of an understanding or common scheme to commit a crime. *Guevara*, 152 S.W.3d at 49. The evidence does not indicate that Appellant anticipated that Jones would shoot Lee. Although he testified that he assumed that Jones knew that the shotgun was in the truck, there is no evidence that he assisted or encouraged Jones to kill Lee. As we held in *Randolph v. State*, to support the conviction of one who starts or participates in a fight with the victim for the subsequent shooting of the victim by another as the altercation progressed, "the very least that is required is encouragement of the commission of the offense by words or by agreement made prior to or contemporaneous with the act." 656 S.W.2d 475, 477 (Tex. Crim. App. 1983) (reversing conviction because there was no evidence that the defendant was aware that his son would kill the victim, but where there was evidence of a subsequent agreement to fabricate a story to defend the son).

Appellant's testimony at trial, which was supported by an officer's testimony and

not contradicted by the State, indicates that Lee and his passenger started the argument, not that Appellant engaged Lee in the altercation, as the State suggests. The evidence also does not support the State's theory that Appellant intentionally continued the verbal altercation outside of the vehicle in order to distract Lee and give Jones the opportunity to load the weapon unnoticed. Although Appellant's presence at the scene may contribute to a finding of guilt, mere presence, even when coupled with flight from the scene, is insufficient to support a conviction as a party to the murder. *Thompson*, 697 S.W.2d at 417. There must be other facts to show that the accused participated in the offense. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). The State speculates that Appellant and Jones decided to kill Lee while driving to the gas station, but the evidence does not support this scenario.

Juries are permitted to draw reasonable inferences from the evidence, but they are not permitted to draw conclusions based on speculation. *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007). Speculation is the mere theorizing or guessing about the possible meaning of the facts and evidence presented. *Id.* at 16. On the other hand, "an inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id.* A conclusion that is reached by speculation may not seem completely unreasonable, but it is not sufficiently based upon facts or evidence to support a conviction beyond a reasonable doubt. *Id.*

Although the jury is free to make inferences from the evidence presented, the

conviction here was based on pure speculation. Viewed cumulatively, the evidence did not demonstrate a prior or contemporaneous plan between Appellant and Jones to commit the murder. Therefore, the evidence was legally insufficient to support Appellant's conviction for murder as a party.

## CONCLUSION

The Fourteenth Court of Appeals properly determined that the evidence presented against Appellant was insufficient to support his conviction for murder under the law of parties because it was reached by speculation and was not sufficiently based upon facts or evidence. Even when the evidence is viewed cumulatively, we cannot conclude that a rational jury would find beyond a reasonable doubt that Appellant was involved in a plan to shoot Lee, either prior to or contemporaneously with the act. Therefore, we affirm the judgment of the court of appeals.

Meyers, J.

Filed: October 10, 2012
Publish