

## NUMBER 13-11-00294-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JACK AARON COLLINS,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

**On appeal from the 107th District Court
of Cameron County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides, and Longoria
Memorandum Opinion by Justice Benavides**

Jack Aaron Collins appeals his jury conviction for theft of a trailer home valued at $500 or more but less than $1,500, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03(a); (e)(3) (West Supp. 2011). By two issues, Collins asserts that (1) the evidence was legally insufficient to show that he acted without effective consent; and (2) the trial court erred by refusing to instruct the jury regarding accomplice testimony. We

affirm.

## I.  BACKGROUND[1]

In July 2010, a Cameron County grand jury indicted Collins for unlawfully appropriating, by acquiring or otherwise exercising control over a trailer home, valued at $1,500 or more but less than $20,000, without the effective consent of the owner, with intent to deprive the owner of the property, a state-jail felony.  *Id.*

The criminal complaint in this case arose in December 2008 after Matthew Bukin discovered that a trailer home, previously located on his South Padre Island real estate, was missing.  Bukin, who lives in the Dallas area and co-owns the South Padre Island property, testified that the lot "looked like a bomb had gone off."

South Padre Island Police officer Jose Mora was the lead investigator assigned to the case.  Bukin told Investigator Mora that he had not:  (1) sold the trailer; (2) given permission to anyone to sell his trailer; and (3) did not hire anyone to clean his lot.  At the scene, SPI police discovered a moving company's business card and called the number listed for further investigation.  Police later learned that the moving company was hired to move the trailer home off the South Padre Island property.  This tip eventually led police to Abel Rangel, a Rancho Viejo-based businessman, who was in the business of buying and selling mobile homes.

Rangel testified that in July 2008, he received a phone call from Collins informing him that he had a mobile home that he needed to "get rid of" on South Padre Island. Rangel testified that he has known Collins for at least five years through Collins's

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

business as a home mover. Rangel admitted that he did not ask Collins whether he was the owner of the trailer or representing the owner of the trailer, but Collins told him that he needed to clean the lot. Nonetheless, Rangel accepted the offer, paid $500, and began to "fix up" the trailer on the lot. Rangel later sold the trailer to Juan Medina, who removed the trailer's porch on his own, then contracted with Aaron Salazar to move the remaining trailer home to a location in San Benito, Texas.

Investigator Mora spoke to Collins, who stated that he had permission from local realtor Richard Laskey to move the trailer home in order to clean the property. Investigator Mora stated that Collins told him that he subcontracted Rangel to move the trailer home, but Collins never admitted to selling the trailer. Bukin testified that he did not know Collins and did not contract anyone to move the trailer home.

Bukin testified that he previously listed the property with the trailer home for sale through South Padre Island realtor Sandra Thomas. Thomas was professionally associated with Laskey. Bukin testified that some time in the early summer of 2008, he took part in a deep-sea fishing trip along with Laskey and James Hawkinson, who captained the boat. On the trip, Laskey told Bukin that cleaning the lot would help enhance its marketability, but Bukin never authorized Laskey to have the trailer removed.

Thomas and Laskey each testified at trial. Thomas stated that some time during the summer of 2008, Bukin asked her to solicit a price quote to remove the trailer, so she asked Hawkinson to call and request a quote from Collins. Thomas indicated that Collins offered Hawkinson a $2,500 quote. Laskey testified that he knew Collins, but never spoke to him about removing the trailer home.

3

Hawkinson testified on behalf of the defense. Hawkinson indicated that he has known Collins for at least ten years and that Collins had performed jobs for him in the past. Hawkinson further testified that he suggested to Bukin and Laskey to move the trailer during the trio's May 2008 fishing trip. According to Hawkinson, Bukin then asked him to find someone to get the trailer moved, but they did not discuss cost. After the fishing trip, Hawkinson contacted Collins about Bukin's interest in moving the trailer. Hawkinson stated that after the initial call to Collins, he directed Collins to speak with Thomas or Laskey to work out the details because he was "too busy" to contact Bukin directly. Hawkinson admitted that Bukin never authorized him to sell or move the trailer.

After a nearly three-day trial, jurors found Collins guilty of the lesser-included offense of misdemeanor theft of a trailer home valued at $500 or more but less than $1,500. The trial court sentenced Collins to one year imprisonment at the county jail and ordered the sentence suspended for two years. This appeal ensued.[2]

## II.    SUFFICIENCY OF THE EVIDENCE

By his first issue, Collins asserts that the evidence is legally insufficient to establish that he acted without the effective consent of the owner.

### A.    Standard of Review and Applicable Law

We apply the standard articulated in *Jackson v. Virginia* to determine whether evidence is sufficient to support a criminal conviction. 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (holding that the *Jackson* standard of review is the "only standard" that should be applied in a

---

[2] A previous "Motion to Appoint Appellate Counsel" was filed in this case. In response, this Court abated Collins's appeal and remanded the case to the trial court to hold a hearing and determine whether Collins was (1) indigent and (2) if found indigent, appoint counsel to represent him on appeal. The trial court found Collins indigent and appointed present appellate counsel, Edmund K. Cyganiewicz. Therefore, this motion, which has been carried with the case, is hereby dismissed as moot.

4

sufficiency review). Under *Jackson*, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. at 319.

The elements of the offense are measured as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App.1997)). Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Villarreal*, 286 S.W.3d at 327.

We defer to the jury's determinations of credibility and weight to be given to the evidence because jurors are the sole fact-finders. *See Brooks*, 323 S.W.3d at 899; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony. . . ."). Each fact need not point directly and independently to the guilt of Collins, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Specifically, to determine whether an individual is a party to an offense, we look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012); *see Hooper*, 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, or party status, and circumstantial evidence alone can be sufficient to

5

establish guilt.  *See Gross*, 380 S.W.3d at 186; *Hooper*, 214 S.W.3d at 13.

## B.    Discussion

The State indicted Collins for theft of a trailer home valued at $1,500 or more but less than $20,000.[3]  Under a hypothetical jury charge authorized by the indictment, Collins is guilty of theft if he (1) appropriated the trailer home, (2) without Bukin's effective consent, (3) with intent to deprive Bukin.

Collins challenges the sufficiency of the evidence solely on the "without effective consent" element.  Consent is not effective if:

(A) induced by deception or coercion;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable property dispositions;

(D) given solely to detect the commission of an offense; or

(E)  given by a person who by reason of advanced age is known by the actor to have a diminished capacity to make informed and rational decisions about the reasonable disposition of property.

TEX. PENAL CODE ANN. § 31.01(3) (West Supp. 2011).

In this case, the evidence shows that Bukin did not authorize anyone to sell his trailer home, nor did he hire anyone to clean his lot.  While Bukin, Laskey, and Hawkinson testified about a discussion during a fishing trip regarding what could be done to "enhance the marketability" of Bukin's property—including removal of the trailer home—no one testified that a final plan to remove or sell the trailer home was devised,

---

[3] We note that the jury found Collins guilty of the lesser-included charge of misdemeanor theft based on the value of the trailer home.  However, because the value element of the indicted offense is not at issue in this appeal, we need not address it.  *See* TEX. R. APP. P. 47.1.

6

developed, or authorized. The evidence also shows that: (1) Bukin may have directed Thomas to solicit price quotes for the removal of the trailer home; (2) Thomas asked Hawkinson to speak to Collins about pricing the removal; and (3) that Collins offered a $2,500 quote to remove it. However, the evidence does not establish that any of the parties involved either principally, or acting on behalf of another, gave Collins the authority to sell or remove the trailer home. This evidence is further corroborated and supported by Bukin, Thomas, Laskey, and Hawkinson's respective testimonies that they had no knowledge of the missing trailer until the initial discovery was made. According to Investigator Mora, Collins told him that Laskey had given him permission to clear Bukin's lot, but Laskey testified that he never discussed the removal of the trailer home with Collins.

After examining this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Collins appropriated the trailer home, without Bukin's effective consent, with intent to deprive Bukin of the property.

Collins's first issue is overruled.

### III. ACCOMPLICE WITNESS JURY INSTRUCTION

By his second issue, Collins asserts that the trial court erred when it denied his request for an accomplice-witness instruction as to Rangel's testimony.

### A. Standard of Review and Applicable Law

Our first duty in analyzing a jury-charge issue is to determine whether error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). If we find error, we analyze it for harm. *Id.* The degree of harm necessary for reversal depends

7

on whether the error was preserved by objection. *Id.* If the error was preserved by objection, we will reverse if we find "some harm" to the defendant's rights. *Id.* If no objection was made, we will reverse only if the record shows "egregious harm" to the defendant. *Id.*

A defendant has a right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006); *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). The purpose behind this rule is to ensure that the jury, and not the judge, decides the credibility of the evidence. *See Cocke*, 201 S.W.3d at 747.

In Texas, a conviction cannot be secured upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant to the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *Cocke*, 201 S.W.3d at 747. The relevant instruction merely informs the jury that it cannot use the accomplice witness testimony unless there is also some non-accomplice evidence connecting the defendant to the offense. *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (en banc).

## B. Discussion

Collins argued to the trial court that because Rangel was an accomplice, the trial court erroneously denied his request for an accomplice witness instruction as to his testimony. Therefore, our first inquiry turns on whether Rangel was an accomplice in this case.

An accomplice is someone who participates with the defendant before, during, or after the commission of a crime and acts with the required culpable mental state.

8

*Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). To be considered an accomplice witness, the witness's participation with the defendant must have involved some affirmative act that promotes the commission of the offense with which the defendant is charged. *Id.* (citing *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004)). A witness's knowledge of the offense, failure to disclose it, or concealment of the offense, and mere presence at the scene does not render that witness an accomplice witness. *See Druery*, 225 S.W.3d at 498. Furthermore, complicity with an accused in the commission of another offense apart from the charged offense does not make that witness's testimony that of an accomplice witness. *Id.* A witness is an accomplice witness as a matter of law when the witness can be prosecuted for the offense with which the defendant is charged, or a lesser-included offense of that charge. *See id.* Finally, if the evidence presented by the parties is conflicting and it remains unclear whether the witness is an accomplice, the trial judge should allow the jury to decide whether the inculpatory witness is an accomplice witness as a matter of fact under instructions defining the term "accomplice." *Id.* at 498–99. However, as with an accomplice as a matter of law, there must still be some evidence of an affirmative act on the part of the witness to assist in the commission of the charged offense before such an instruction is required. *Id.*

Here, Collins was charged with theft, a state-jail felony, but convicted of Class A misdemeanor theft. A review of the record shows that Rangel's participation in the charged crime was limited and that he acted in good-faith based on Collins's representations to him. Rangel testified that he had purchased trailer homes from Collins in the past, "never" had problems with these prior dealings, and believed that

9

Collins was acting on behalf of the true owner of the trailer home as he had done before. To confirm this good-faith transaction, the State produced Rangel's $500 bill of sale for the trailer home, signed by Collins, and elicited testimony from Rangel and Medina about how the home was publically advertised in the newspaper and eventually purchased for $3,500. Finally, Rangel testified that he did not know that Collins had sold him a stolen trailer. No other evidence was presented to establish Rangel's role in the charged crime.

Accordingly, the record does not indicate that Rangel performed an affirmative act with the required culpable mental state to assist in the commission of the theft either as an accomplice as a matter of law or as an accomplice as a matter of fact. *See Druery*, 225 S.W.3d at 498. Therefore, the trial court had no duty to instruct the jury under article 38.14 because Rangel was neither an accomplice as a matter of fact or as a matter of law. *Paredes*, 129 S.W.3d at 536.

Collins's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment of conviction.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
4th day of April, 2013.