**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00561-CR
NO. 09-12-00562-CR

_____

**ROBERT JOSEPH CASTILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-10-11851 CR**

**MEMORANDUM OPINION**

The appellant, Robert Joseph Castillo, challenges the sufficiency of the evidence supporting his conviction on two counts for possessing a controlled substance, methamphetamine. We conclude the evidence is legally sufficient to support the jury's verdicts, and affirm the trial court's judgments.

1

## Background

The indictment alleges that on or about October 7, 2010, Castillo knowingly possessed with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). A separate count of the indictment alleges that on or about October 27, 2010, Castillo knowingly possessed with intent to deliver a controlled substance, methamphetamine, in an amount of four hundred grams or more. *See* Tex. Health & Safety Code Ann. § 481.112(f) (West 2010). The jury charge included instructions on the law of parties, authorizing the jury to convict Castillo of the October 7 and October 27 offenses if it determined that Castillo had solicited, encouraged, directed, aided, or attempted to aid Juan Fidel Saenz to knowingly possess with intent to deliver methamphetamine as charged in the respective counts of the indictment. The jury found Castillo guilty on both counts. On the first count, concerning the offense of October 7, 2010, the trial court assessed punishment at thirty years in prison; on the other, the trial court assessed punishment at thirty-five years in prison. The trial court ordered Castillo's sentences to run concurrently.

Standard of Review

We review a challenge to the legal sufficiency of the evidence in the light most favorable to the verdict to determine if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). In reviewing the evidence, we give deference to the jury's responsibility to "fairly [] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Under Texas law, a person is a criminally responsible party to an offense "if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." Tex. Penal Code Ann. § 7.01 (West 2011). A person is criminally responsible for the conduct of another if, acting "with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" Tex. Penal Code Ann. § 7.02 (West 2011).

In reviewing the sufficiency of the evidence under the law of parties, we may consider events occurring "before, during[,] and after the commission of the

3

offense." *Wygal v. State*, 555 S.W.2d 465, 468-69 (Tex. Crim. App. 1977). Because it may be as probative as direct evidence, "[c]ircumstantial evidence alone is sufficient to establish guilt." *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). "There must be sufficient evidence of an understanding and common design to commit the offense[,]" but "[e]ach fact need not point directly to the guilt of the defendant, as long as the cumulative effect of the facts are sufficient to support the conviction under the law of parties." *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012). "However, mere presence of a person at the scene of a crime, or even flight from the scene, without more, is insufficient to support a conviction as a party to the offense." *Id.*

A police informant testified for the State during Castillo's trial. When weighing the sufficiency of corroborating evidence under the covert agent rule, we "must exclude the testimony of the covert agent from consideration and examine the remaining evidence (i.e., non-covert agent evidence) to determine whether there is evidence that tends to connect the defendant to the commission of the offense." *Malone v. State*, 253 S.W.3d 253, 258 (Tex. Crim. App. 2008); *see* Tex. Code Crim. Proc. Ann. art. 38.141 (West 2005).

## Analysis

Castillo argues the evidence is legally insufficient because the evidence fails to affirmatively link the methamphetamine associated with either transaction involving Saenz to him. The evidence admitted at trial shows that on October 7, Saenz sold a baggie containing 27.92 grams of methamphetamine to an undercover officer. The undercover officer testified at Castillo's trial. The evidence also shows that on October 27, the police stopped Saenz while he was driving a car and seized 442.23 grams of methamphetamine from him. Other testimony admitted at trial reflects that Castillo and Saenz were being observed by undercover officers before the offenses at issue occurred, and there is testimony indicating that Castillo was involved in setting up the meetings that led to the October 7 sale and to the October 27 seizure of methamphetamine. An undercover officer testified that before the date the two offenses occurred, Castillo told him that Saenz would be acting on his behalf in connection with their transactions for drugs.

Other direct evidence was admitted at trial to support the jury's conclusion that Castillo and Saenz were jointly engaged in selling methamphetamine. The State introduced a recording of Castillo telling the informant and the undercover officer that Saenz would act for Castillo most of the time. Phone records were admitted during trial that are consistent with the testimony that Castillo and Saenz

were in contact with one another on the dates in question as well as at other times relevant to the various drug transactions at issue. Also, in a search of Castillo's home, police found a substance that is commonly used to cut methamphetamine and other paraphernalia used to weigh and package methamphetamine.

Viewed in the light most favorable to the verdict, the evidence shows that Castillo arranged for both deliveries, accompanied Saenz to the locations of the exchanges, monitored the deliveries from nearby, and obtained some of the money from one of the transactions. From the evidence, the jury could reasonably infer that Castillo and Saenz were active participants in a methamphetamine operation. Although Saenz handed the undercover officer the methamphetamine at issue on October 7, and the methamphetamine seized on October 27 was taken from Saenz, the jury could rationally find that Castillo aided Saenz in his possession of the contraband by arranging for the deliveries and watching over the transfers. Castillo's activities before, during, and after Saenz delivered methamphetamine to an undercover policeman demonstrate that he was not merely present with Saenz while Saenz had the drugs on his person, but that Castillo assisted Saenz in accomplishing the transfers and controlling the contraband so that it could be delivered to another.

When Saenz testified, he claimed that he had sole possession of the methamphetamine and he explained that Castillo had currency from one of the transactions because he gave Castillo the money to pay a debt. However, in judging Saenz's credibility, the jury could rationally reject Saenz's account, believing instead that Castillo had the money from the transaction because he was involved with Saenz in selling drugs. The jury's conclusion is also supported by Saenz's testimony that Castillo received and communicated with him about people who were asking to purchase drugs.

We hold that from the evidence admitted at trial, the jury could rationally find the essential elements of the offenses beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. We overrule Castillo's issues and affirm the trial court's judgments.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 18, 2013
Opinion Delivered September 18, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

7