**Modified and Affirmed and Opinion Filed July 1, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00931-CR

**DELFINO GUADIANA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1834752-U**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

A jury convicted Delfino Guadiana of indecency with a child by exposure, and he was sentenced to eight years' confinement. The trial court suspended the sentence and placed appellant on community supervision for ten years. In a single issue, appellant argues the evidence is insufficient. In a single cross point, the State requests we modify the judgment. We modify the judgment and affirm as modified.

### A.     Sufficiency of the Evidence

When reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). The verdict will be upheld if any rational

trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Edward*, 635 S.W.3d at 655. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. The jury is the sole judge of the weight and credibility of the evidence. *Edward*, 635 S.W.3d at 655. When considering a claim of evidentiary insufficiency, we must keep in mind that a juror may choose to believe or disbelieve all, some, or none of the evidence presented. *Id.* Further, while jurors may not base their decision on mere speculation or unsupported inferences, they may draw reasonable inferences from the evidence. *Id.*

As applicable here, to prove indecency with a child under seventeen years of age, the State must prove that the defendant "with the intent to arouse or gratify [his] sexual desire," exposed "any part of [his] genitals, knowing the child is present." TEX. PENAL CODE ANN. § 21.11(a)(2)(A). A person is criminally responsible for an offense committed by the conduct of another person if, "acting with intent to promote commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2).

When a party is not a "primary actor," the State must prove conduct constituting an offense plus an act by the defendant done with the intent to promote or assist such conduct. *Mitchell v. State*, No. 05-17-01265-CR, 2018 WL 4858731,

at *2 (Tex. App.—Dallas Oct. 8, 2018, pet. ref'd) (mem. op.); *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985). To determine whether an individual is a party to an offense, the reviewing court may look to "events before, during, and after the commission of the offense." *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012). A court may also rely on circumstantial evidence to prove party status. *Id.* There must be sufficient evidence of an understanding and common design to commit the offense. *Id.* Each fact need not point directly to the guilt of the defendant, as long as the cumulative effect of the facts are sufficient to support the conviction under the law of parties. *Id.* A person's mere presence at the scene of a crime, without more, is insufficient to support a conviction as a party to the offense. *Id.*

The complainant, E.V., was sixteen years old at the time of trial. During the year that her mother, Eva, had an affair with appellant, E.V. went to appellant's condominium with her mom on five occasions. E.V. described the last time she was in appellant's condo:

> So we came in and we just sat down and talked. We always started like that; we would just talk. And . . . she would like stand up and get naked and he would just touch her. And then - - then they'd turn on the TV and they'd put porn on and they told me to watch them and the porn and they were just talking there.

E.V. testified that Eva, while standing and facing appellant, would take off her clothes, "and he would just start touching her" with his hands and fingers. E.V. could see her mom's vagina. When asked whether appellant and her mom knew E.V. could see her mom's genitals, E.V testified: "[h]e asked me to look." Because she felt

–3–

uncomfortable, E.V. turned toward a wall and tried to act like she was watching them while actually looking at the wall.

The State asked E.V. to show the jury what appellant did with his hands after Eva removed her clothing, and E.V. answered: "He was just upwards. (Demonstrating.)" The prosecutor then said: "And so let the record reflect that she's using two fingers to kind of point upward." When asked whether "this was the only time that your mom engaged in sexual activity in front of you," E.V. replied that it was not.

Viewing this evidence in the light most favorable to the verdict, we conclude any rational trier of fact could have found the elements of the offense, including appellant's role in aiding and promoting Eva's actions, beyond a reasonable doubt. While appellant argues he did not solicit or encourage Eva in her undressing, the evidence shows E.V. was at appellant's house on three separate occasions wherein her mother undressed in front of appellant and E.V. During the final incident, pornography was on appellant's television, and appellant asked E.V. "to look" while he touched Eva after she undressed.

To the extent appellant argues the evidence is insufficient to show which part of Eva's body appellant touched, we disagree. Considering the fact finder's duty to draw reasonable inferences from basic facts to ultimate facts, the fact finder could have understood E.V.'s testimony and gesturing about how appellant touched Eva

to mean appellant digitally penetrated Eva's vagina in E.V.'s presence. We overrule appellant's sole issue.

### B.     Modification of the Judgment

In a single cross-issue, the State requests we modify the judgment to correctly show appellant pleaded "not guilty" to the indictment. An appellate court may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). If a clerical error in the trial court's judgment is brought to our attention, we have a "mandatory duty" to correct it. *Id*.

The judgment states appellant pleaded "guilty." However, the record shows appellant entered a plea of "not guilty." Accordingly, we modify the judgment to change the "Plea to Offense" to state "Not Guilty."

### C.     Conclusion

We modify the trial court's judgment and affirm as modified.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200931f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DELFINO GUADIANA, Appellant

No. 05-20-00931-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1834752-U. Opinion delivered by Justice Nowell. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Plea to Offense," we **DELETE** the word "Guilty" and we **ADD** the words "Not Guilty."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 1st day of July, 2022.