**Opinion issued February 13, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00745-CR**

————————————

**JONATHAN DAVON GEIGER, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1697155**

---

## MEMORANDUM OPINION

Appellant Jonathan Davon Geiger was convicted of robbery[1] and sentenced to five years' imprisonment. In his sole issue on appeal, Geiger contends that

---

[1]      TEX. PENAL CODE § 29.02(a)(1).

insufficient evidence supports his conviction. Because the evidence is sufficient, we affirm.

## Background

In November 2020, complainant Lucy Mejia was driving to work. While stopped at an intersection, a stranger entered her vehicle through the passenger side of her car. The man was wearing a hoodie and he grabbed Mejia above the waist by her shirt and skin. Mejia struggled with him to escape from her car. She ran to a nearby McDonald's while the man drove off.

Jonas and Petunia Lewis were at the nearby McDonald's. Jonas was placing an order at the counter when an unknown Black man in a gray hoodie and jeans ran inside. The man was hunched over and ran quickly through the McDonald's, immediately exiting through another door. Petunia was in the parking lot, waiting inside the couple's truck. Jonas went outside after he noticed the man was looking into his truck, but he soon ran away. The couple saw the man run across the street, get into Mejia's car, and drive away after she jumped out of it. Mejia ran toward the couple and Petunia called 911.

Law enforcement found Geiger with Mejia's car less than 20 minutes after the 911 dispatch. Harris County Sherriff's Office Deputy D. Vasquez was initially dispatched to the robbery scene where he spoke to Mejia. HCSO Deputy J. Rhodes was assisting as a back-up unit and found Geiger standing next to Mejia's car, which

was wrecked in a ditch, less than two miles from the intersection where it was stolen. When Deputy Rhodes asked Geiger if he had lost control of the car, Geiger responded that he might have hit something. Geiger fled on foot when Deputy Rhodes asked him to put his hands behind his back. Geiger jumped a fence and ran across the main lanes of the nearby highway, but he was apprehended by HCSO Deputy E. Zubia, who saw Geiger trying to hide in the brush.

Geiger was indicted for robbery, pleaded not guilty, and went to trial. The jury heard testimony from Jonas and Petunia Lewis, Deputy Vasquez, Mejia, Deputy Rhodes, and Deputy Zubia. The jury found Geiger guilty, and the trial court sentenced him to five years' imprisonment.

## Sufficiency of the Evidence

Geiger contends that the evidence was legally insufficient because the State failed to prove beyond a reasonable doubt (1) the identity of the robber and (2) bodily injury to Mejia.

### A. Standard of Review

In assessing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The factfinder is the sole judge of the witnesses' credibility and

the weight to be given to their testimony, so we defer to the factfinder's determinations on those matters. *Brooks*, 323 S.W.3d at 899. We do "not intrude on the jury's role to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018) (quoting *Musacchio v. United States*, 577 U.S. 237, 243 (2016)) (internal quotations omitted).

**B.    Analysis**

To establish that Geiger committed robbery as charged in his indictment. the State was required to prove that "in the course of committing theft . . . and with intent to obtain or maintain control of the property, [Geiger] . . . intentionally, knowingly, or recklessly [caused] bodily injury to another." TEX. PENAL CODE § 29.02(a)(1). "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01.

**I.    Identity**

On the identity issue, Geiger contends that because there was no direct evidence that Geiger was the robber there is insufficient evidence to support the conviction. But the lack of direct evidence does not decide guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Identity may be proven by circumstantial evidence or by inferences. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App.

4

2016); *Jones v. State*, 458 S.W.3d 625, 630 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). Direct and circumstantial evidence are equally probative, and "circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Here, Jonas was able to describe the man he saw at the McDonald's as African-American and wearing a gray hoodie, but he did not see his face. Petunia was only able to describe the man as Black and wearing a dark hoodie. Mejia described him as wearing a "jacket with [a] hoodie." About 20 minutes after the robbery, Deputy Rhodes found Geiger, a Black man wearing a gray hoodie, standing next to Mejia's crashed car. This was about two miles, or a five or six-minute drive, from where the robbery occurred. When asked about what happened, Geiger told Deputy Rhodes, "he might have hit something." When Deputy Rhodes instructed Geiger to put his arms behind his back, Geiger ran.

Based on Geiger's statement to Deputy Rhodes, the factfinder could reasonably infer that he was driving Mejia's car when it crashed. *See Gross v. State*, 380 S.W.3d 181, 188 (Tex. Crim. App. 2012) (factfinder may draw reasonable inferences from evidence). Geiger also matched the descriptions provided by the Lewises and Mejia. *See Jenkins*, 439 S.W.3d at 599. Finally, the jury could also have considered Geiger's flight from law enforcement as evidence of his guilt. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) (factfinder may draw

an inference of guilt from the circumstance of flight). Taken together, a reasonable factfinder could have found that Geiger was the robber. *See Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (resolving conflicts in testimony, weighing the evidence, and drawing reasonable inferences is the factfinder's role); *Johnson*, 560 S.W.3d at 226 (appellate courts do not intrude on factfinder's role in drawing reasonable inferences and weighing evidence).

## II. Bodily Injury

Geiger contends that because Mejia denied feeling pain when the robber grabbed her but later testified that she did feel pain at that moment, a rational factfinder could not have found that the State proved bodily injury beyond a reasonable doubt. Bodily injury means "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE § 1.07(a)(8). "This definition encompasses even relatively minor physical contact if it constitutes more than offensive touching." *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009).

Here, Mejia testified multiple times that she felt pain when appellant grabbed her. She explained that he grabbed her above her waist by her shirt and her skin when he got into the car, describing his grasp as "[v]ery strong," and that she felt pain and struggled with him to escape. *See Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012) ("Any physical pain, however minor, will suffice to establish bodily injury."). The factfinder may also infer that a complainant "actually felt or suffered

6

physical pain because people of common intelligence understand pain and some of the natural causes of it." *Id.* That Mejia did not report any pain to law enforcement at the time of the robbery does not mean there was insufficient evidence. *See Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020) (jury is sole judge of witness credibility and can believe all, some, or none of a witness's testimony). We assume the factfinder weighed both her testimony at trial and her answers to law enforcement at the time of the robbery and resolved the conflicts in favor of their verdict. *See id.*; *see also Garcia v. State*, 667 S.W.3d 756, 762 (Tex. Crim. App. 2023) ("a reviewing court does not sit as the thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence").

Geiger also argues that on cross-examination, Deputy Vasquez revealed that despite Mejia not saying she felt pain at the time of the incident, he relayed that she did in his police report. So, according to Geiger, a rational factfinder could not have found that the State proved bodily injury beyond a reasonable doubt. Again, we assume the factfinder weighed this evidence, along with the other evidence presented, and resolved any conflicts in favor of the verdict. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012) (jury is sole judge of witness credibility and weight of any evidence).

Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have determined beyond a reasonable doubt that Geiger committed the robbery. *Gardner v. State*, 306 S.W.3d 274, 285–86 (Tex. Crim. App. 2009).

We overrule Geiger's sole issue.

## Conclusion

We affirm the trial court's judgment.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).