**AFFIRMED and Opinion Filed August 1, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00861-CR**

**No. 05-23-00862-CR**

**DEVON YOUNG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F22-75225-S and F22-77113-S**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

Following a jury trial, appellant Devon Young appeals his convictions for murder and aggravated assault with a deadly weapon. He contends the evidence is legally insufficient to prove he was a party to the offenses. For reasons that follow, we affirm the convictions.

### BACKGROUND

Appellant was charged with intentionally and knowingly causing the death of Gerardo Pardo by shooting him with a firearm on or about January 17, 2022. He

was also charged with intentionally, knowingly, and recklessly causing bodily injury to Kenny Portillo, by shooting him with a firearm on the same date.

Evidence showed that shortly after 6 p.m. on January 17, 2022, a silver Mercedes pulled up and stopped near Pardo, who was on foot, on Storey Lane in Dallas. Appellant was the driver of the Mercedes. A passenger named Clifford Henry got out and fired a gun at Pardo. Pardo returned fire. Portillo happened to be in a truck on Storey Lane at the time. He was hit by a stray bullet fired by a passenger in the car, either Desmond Roberts or a fourth occupant who was never identified. Immediately after the incident, appellant drove Henry to a nearby hospital and left. Both Pardo and Henry died from their gunshot wounds.

In addition to testimony about what happened from Portillo and others, the shootings, and Pardo's actions immediately prior, were captured on surveillance cameras in the area. Pardo was first seen on video running past a convenience store with a gun in his hand. He looked over his shoulder once. Pardo had come from a nearby apartment complex through a hole in a fence. Police later found multiple fresh shell casings near the hole. One was from the gun Henry used to kill Pardo.

After he passed the convenience store, Pardo hid out behind the fence of a glass business on Storey Lane for several minutes, keeping an eye on the street. Portillo drove by in a truck with a flat tire, on his way to a repair shop. When Portillo pulled over to let other cars pass, Pardo left the glass business and ran to the passenger side of the truck. He told Portillo he needed help and asked him to get

him out of the area. Within seconds, the Mercedes pulled up and stopped next to the driver side of the truck. Henry exited the Mercedes from the rear driver side and fired shots at Pardo around the truck. Portillo got down on the truck floor, but was shot in the back of his shoulder. Henry fell down, but got back in the Mercedes, and it sped away. The incident, from the time Pardo approached Portillo to when the Mercedes drove away, lasted less than a minute.

Appellant drove Henry to UT Southwestern Hospital. Appellant's actions at the hospital were captured on hospital surveillance cameras. Videos from the hospital cameras, as well as still photographs taken from them, were admitted into evidence. Appellant and the others pulled up to the hospital entrance, alerted hospital staff that Henry needed help, and sped away as soon as Henry was on a gurney.

Dallas police detectives got the Mercedes's license plate number from the hospital videos and issued a lookout for it. Nine days' later, appellant was seen driving the vehicle and was arrested. Police were unable to find evidence that appellant knew Henry or the other occupants of the Mercedes before the shootings.

One witness testified for the defense, appellant's sister Roma Johnson. The Mercedes was her car, but was registered to her fiancé. She allowed appellant to drive it from time to time. As a safety feature, when the door handle was pulled while the car was in motion, the emergency brake kicked in so the car would

–3–

automatically slow down. Her brother was unaware of that feature. Appellant never mentioned the incident to Johnson; she found out about it when he was arrested.

The jury was charged on the law of parties. It found appellant guilty of murder and aggravated assault with a deadly weapon. The trial court assessed punishment at fifteen years' confinement for murder and five years' confinement for aggravated assault.

## ANALYSIS

In this appeal, appellant raises one issue in which he challenges the sufficiency of the evidence. Appellant does not dispute that he was the driver of the Mercedes at the time of the offenses. He argues the evidence is insufficient to show he acted with intent to promote or assist the commission of the offenses. We disagree.

The United States Constitution requires that a criminal conviction be supported by evidence "necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Gross v. State*, 380 S.W.3d 181, 185 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)). A reviewing court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* Proper deference must be given to the jury's determination of the credibility of the evidence. *Id.*

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally

responsible, or by both. TEX. PENAL CODE ANN. § 7.01(a). A person is criminally responsible for the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2).

To determine whether an individual is a party to an offense, we may look to events before, during, and after the commission of the offense. *Gross*, 380 S.W.3d at 186. Circumstantial evidence may be used to prove one is a party to an offense. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). There must be sufficient evidence of an understanding and common design to commit the offense. *Gross*, 380 S.W.3d at 186. Mere presence at the scene of a crime, or even flight from the scene, without more, is insufficient to support a conviction as a party to an offense. *Id.*

Appellant contends the manner in which he drove the car did not show his intent to promote or assist the commission of the shootings. In making this argument, he emphasizes the lack of evidence to show a preexisting relationship between him and the shooters. Appellant suggests the other men in the Mercedes could have approached him and asked for a ride that night. He argues his stopping the car at Pardo's location was consistent with one of his passengers having told him to stop. Appellant also claims we cannot infer the requisite intent from the fact that he sped away from the scene because he did so to get Henry medical attention.

The jury saw video of appellant's actions at the shooting location and at the hospital. Despite the lack of evidence to show how appellant was connected to the men who shot Pardo and Portillo, the jury could have found that all occupants of the Mercedes had an understanding and common design to commit the offenses. As the prosecutor put it, they were "stalking" Pardo. Within seconds of Pardo emerging from his hiding place to seek help, appellant drove the Mercedes to Pardo's location and stopped. Moments later, he sped off to get medical help for Henry. At the hospital, appellant pulled into a circle drive and stopped at the entrance. Roberts, who was distraught, got out of the back seat to alert hospital staff. Appellant got out of the driver's seat and opened the left rear door to check on Henry. Henry was slumped over and did not move. While they waited for help, appellant pointed at and spoke to Roberts. Later, the two of them stood in close proximity to each other for a few seconds and appeared to be talking. Several hospital workers came outside and got Henry out of the car and onto a gurney. One man appeared to be hospital security, but appellant did not speak to him. Instead, as soon as Henry was on the gurney, appellant and the other occupants of the Mercedes got back in the car and left before Henry was even inside the hospital. Appellant's demeanor and interaction with his passengers at the hospital was circumstantial evidence they all had a common design to commit the offenses. Viewing the evidence in the light most favorable to the verdict, the jury could have rationally determined that appellant's actions showed he acted with intent to aid the commission of the

–6–

offenses. The evidence is sufficient to support the convictions. We overrule appellant's sole issue.

We affirm the trial court's judgments.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
230861F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DEVON YOUNG, Appellant

No. 05-23-00861-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F22-75225-S.
Opinion delivered by Justice Reichek. Justices Goldstein and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of August, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

DEVON YOUNG, Appellant

No. 05-23-00862-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-75113-S. Opinion delivered by Justice Reichek. Justices Goldstein and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of August, 2024.