

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00730-CR

Shameon Eshae **HENRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2853
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 4, 2014

AFFIRMED AS MODIFIED

A jury found Shameon Henry guilty of the offense of theft under $1,500, enhanced by prior convictions. The trial court sentenced Henry to imprisonment in state jail, probated for two years, and assessed a fine of $1,000. In two issues on appeal, Henry contends: (1) the evidence at trial is insufficient to support her conviction; and (2) the trial court improperly assessed attorney's fees. We modify the trial court's judgment with regard to the assessment of attorney's fees and affirm the judgment as modified.

## BACKGROUND

Adolpho Vidales, a plain-clothed loss prevention employee at a Walmart store, observed Henry and Chantel West, "quick-select" several items of merchandise in the infant department and place them in a shopping cart. Vidales testified that "quick-selecting," which occurs when someone quickly selects merchandise without examining it, is an indication of shoplifting. Vidales then observed Henry and West walk together to the women's clothing department where West "quick-selected" additional items of merchandise. Henry and West then walked together to the customer service counter without paying for the merchandise, and West requested a refund for the merchandise. Pursuant to the store's policy regarding items returned with no receipt, the cashier issued a gift card for $176.56. Vidales testified that the gift card was handed to West. Vidales then observed Henry and West walk back to the infant department where West handed the gift card to Henry, and Henry placed it in her back pocket. The two women parted ways and left the store through different exits.

Vidales approached Henry after she exited the store and asked to speak with her about the fraudulent refund. Henry produced the gift card from her pocket and accompanied Vidales to the loss prevention office. Henry and West were subsequently arrested for committing theft.

### SUFFICIENCY OF THE EVIDENCE

*A. Standard of Review*

The standard for reviewing sufficiency of the evidence in a criminal appeal is the *Jackson v. Virginia* legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). "In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v.*

*State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). When viewing the evidence in the light most favorable to the verdict, we defer to the jury's credibility and weight determinations. *Brooks*, 323 S.W.3d at 899. Circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). When the charge authorizes the jury to convict the defendant on more than one theory, the guilty verdict will be upheld "if the evidence is sufficient on any theory authorized by the jury charge." *Anderson v. State*, 416 S.W.3d 884, 889 (Tex. Crim. App. 2013).

### B. Discussion

Under the charge, the jury was allowed to find Henry guilty of the theft of the gift card, either as a principal or under the law of parties. Henry contends the evidence is insufficient to establish her intent to deprive Walmart of property because she did not participate in the refund transaction. Henry concedes that the evidence is sufficient to establish that West committed the theft, but contends that Henry cannot be responsible as a party because there is no evidence that she knew West intended to commit a theft.

A person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013). Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE ANN. § 7.01(a) (West 2011). "A person is criminally responsible for an offense committed by the conduct of another if . . . acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011). The intent to promote or assist the commission of a theft may be inferred from the acts, words, and conduct of the accused

and from the circumstances under which the theft occurred. *Roberts v. State*, 319 S.W.3d 37, 49 (Tex. App.—San Antonio 2010, pet. ref'd).

To prove that a person is responsible as a party, there must be sufficient evidence of "an understanding and common design to commit the offense." *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012). In making this determination, we may consider "events occurring before, during and after the commission of the offense." *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). When relying on circumstantial evidence, "[e]ach fact need not point directly and independently to the guilt of the [defendant], as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction." *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Without other incriminating evidence, the mere presence of a person either before, during, or after the commission of the offense, or in flight from the scene, is insufficient to establish party status. *Thompson v. State*, 697 S.W.2d 413, 417 (Tex. Crim. App. 1985).

The jury was provided sufficient evidence from which it could rationally conclude that Henry aided West in committing theft of the giftcard. Vidales testified that Henry placed two items of merchandise in the shopping cart from the infant department. Vidales recalled that one of the items was either a stroller, a play pen, or a swing. A photograph of the merchandise was entered into evidence. Consistent with Vidales's testimony, one of the items was a baby accessory in a large box. The police officer dispatched to investigate testified that West was "significantly" and noticeably pregnant. Vidales also testified that he stayed with Henry and West as they walked throughout the store and that they never separated until after Henry received the gift card. Viewing this evidence in the light most favorable to the verdict, a rational juror could conclude that Henry aided West by loading merchandise in the shopping cart.

The jury could also infer from these circumstances that Henry intended to assist West in the commission of the theft. Henry "quick-selected" merchandise and observed West as she "quick-selected" merchandise. Henry then accompanied West as she bypassed the checkout registers and went directly to the customer service counter. Vidales testified that Henry was present as West requested a refund for the merchandise that was never purchased. Vidales then witnessed Henry and West walk back to the infant department where West gave Henry the gift card. Viewing this evidence in the light most favorable to the verdict, a rational juror could infer that Henry knew that West would commit theft. Accordingly, we hold that the evidence is sufficient to support Henry's conviction under the law of parties.

### ASSESSMENT OF ATTORNEY'S FEES

In its final judgment, the trial court assessed court costs of $348 in addition to an unspecified amount of attorney's fees. Henry contends that her status as an indigent defendant precludes assessment of the attorney's fees. A trial court may not assess the costs of legal services provided, including the cost of an appointed attorney, unless the trial court determines that the defendant has financial resources that enable him to offset the costs. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009). The trial court determined that Henry was indigent when it appointed an attorney to represent her, and the State concedes that the record contains no evidence of a material change in Henry's financial circumstances. Accordingly, we hold that the trial court erred in assessing attorney's fees and modify the trial court's judgment to delete the assessment of attorney's fees. *See Cates v. State*,

402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.—San Antonio 2013, pet. ref'd).

## CONCLUSION

The trial court's judgment is modified to delete the assessment of attorney's fees. As modified, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH