**Opinion issued October 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00799-CR

———————————

**JORDAN QUENTIN WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1408418**

---

## MEMORANDUM OPINION

Jordan Wilson shot and killed Toyurean Young but argued at trial that the

shooting was unintentional. A jury convicted him of murder and sentenced him to

50 years' confinement.[1] He argues that (1) legally insufficient evidence exists to

---

[1]      *See* TEX. PENAL CODE ANN. § 19.02.

support his murder conviction and (2) the trial court erred by denying his request for a jury question on the lesser-included offense of manslaughter. We affirm.

## Background

Wilson and Young had been members of the same street gang and the same rap music "clique," which Young ran. Wilson left Young's clique and began making rap videos under another "clique" name. According to a mutual friend, after Wilson left Young's group, the two had an argument through social media—specifically Twitter—over whose rap was better. During this argument, Wilson and Young talked about fighting each other and videotaping the fight.

Shortly after their online exchange, Wilson and Young saw each other in a McDonalds parking lot and agreed to walk to a nearby apartment complex to fight. They "set up the fight" and began punching each other. Ten minutes into the fistfight, Young yelled that Wilson had a gun. Young stopped fighting and walked back to the McDonalds. Wilson followed.

Back at the McDonalds, Young announced that Wilson was "getting in [his] pockets" as if he "want[s] to do something." The two exchanged words, then Young shouted a profane disparagement of Wilson's rap group. At that moment, the two men were standing five to seven feet from each another. Within "four or five" seconds, Wilson shot at Young. Young was shot once in his lower back and a second time in his arm. He died the next day from his injuries.

Wilson's trial theory was not that someone else shot Young. It was that he shot him but he did so only as "an afterthought" and without intent to kill. According to Wilson, because he did not have the intent to kill Young, the crime was no more than manslaughter.

Several witnesses testified that they saw the fistfight, but no one saw the actual shooting. Joshua Agboso, who knew both Wilson and Young, testified that he was there, saw Wilson and Young fight, heard Young yell disparagements at Wilson, and, when his back was turned to the two men, heard gunshots. He testified that he did not see Wilson shoot Young and did not know what Wilson was thinking or intending when he did it. On cross-examination, Wilson's attorney impeached Agboso with an earlier statement he had given to police, telling them, "I know that he didn't mean to kill him," and, "[Wilson] probably just shot [at Young] to scare him."

Based on Agboso's earlier statements to police investigators, Wilson requested a jury question on the lesser-included offense of manslaughter. The trial court denied the request, charging the jury only on the offense of murder. The jury found Wilson guilty of murder and assessed punishment of 50 years' confinement.

Wilson appeals his conviction.

## Legally Sufficient Evidence

Wilson argues that the evidence is legally insufficient to support his conviction for murder because it conclusively establishes a reasonable doubt that he intentionally or knowingly caused Young's death.

### A.    Standard of review

We review sufficiency of the evidence using the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 317−20, 99 S. Ct. 2781, 2788–89 (1979). *See Brooks v. State*, 323 S.W.3d 893, 898–912 (Tex. Crim. App. 2010). Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider all reasonable inferences that may be drawn from the evidence in making our determination, including all direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Evidence is insufficient in four circumstances: (1) no evidence exists that is probative of an element of the offense in the record; (2) only a "modicum" of evidence exists that is probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the alleged acts do not

establish the criminal offense charged. *See Jackson*, 443 U.S. at 314–15, 320; *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013).

The jury has the exclusive role of evaluating the facts, the credibility of the witnesses, and the weight a witness's testimony should be given. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981); *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). The jury may choose to believe all, some, or none of a witness's testimony. *See Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.). And the jury alone must reconcile any conflicts in the evidence. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).

Under the *Jackson* standard, we defer to the factfinder "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. If there are conflicts in the evidence, we must presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination, as long as it is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. If the evidence is insufficient, we must reverse and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

## B.     Evidence is legally sufficient

Wilson contends that the evidence is insufficient to support his conviction for murder. First, he argues that the State presented no evidence that he had a specific intent to kill Young. But "the specific intent to kill may be inferred from the use of a deadly weapon." *Cavazos v. State*, 382 S.W.3d 777, 384–85 (Tex. Crim. App. 2012) (overruling legal-sufficiency challenge based on evidence that defendant "pull[ed] out a gun, point[ed] it at someone, [and] pull[ed] the trigger twice"). The jury received evidence that Wilson stood five to seven feet from Young, fired two shots at Young from close range, and struck Young from behind in his upper body with both shots, causing his death. This evidence supports the jury's implicit finding that Wilson acted intentionally or knowingly. *Id.* This is legally sufficient evidence to support his conviction for murder.

Second, Wilson argues that there was contradictory evidence—namely that Agboso told the police that Wilson did not intend to kill Young and probably just shot at him to scare him. In a legal-sufficiency review, we do not weigh contradictory evidence or evaluate witness credibility. *Penagraph*, 623 S.W.2d at 343. We must presume that the jury resolved any conflict in the evidence in favor of its verdict. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Penagraph*, 623 S.W.2d at 343 ("A jury is entitled to accept one version of the facts and reject another or reject any of a witness'[s] testimony."). Contradictory evidence will not

diminish the legal sufficiency of the evidence that supports the verdict. *See Penagraph*, 623 S.W.2d at 343.

We overrule Wilson's legal-sufficiency issue.

**Refused Jury Question on Manslaughter**

Wilson next argues that the trial court erred by denying his request for a jury question on the lesser-included offense of manslaughter. He argues that Agboso's testimony was "some evidence" from which a rational jury could acquit Wilson of the greater offense of murder and convict him of the lesser-included offense of manslaughter. The State responds that Agboso's testimony was "mere speculation," "does not support a finding of recklessness," and "does not rise to the level that would convince a rational jury to find that if [Wilson] was guilty, he was guilty only of the lesser-included offense of manslaughter."

**A.    Applicable law**

To determine whether a defendant is entitled to a jury charge on a lesser-included offense, we follow a two-step process: (1) "the lesser included offense must be included within the proof necessary to establish the offense charged" and (2) "some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993) (emphasis removed).

7

The first prong is satisfied because manslaughter is a lesser-included offense of murder. *Cavazos*, 382 S.W.3d at 384.

To meet the second prong, "[i]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). While "it does not matter whether the evidence is strong, weak, unimpeached or contradicted," the evidence must be affirmative evidence directly relevant to the lesser offense and support a rational conclusion that the defendant is guilty of only the lesser offense. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

The "only difference" between murder and manslaughter is the mental state required for the offenses. *Cavazos*, 382 S.W.3d at 384. The mental state required for a murder conviction is "intentionally" or "knowingly," while the mental state for manslaughter is "recklessly." *Compare* TEX. PENAL CODE ANN. § 19.02 (murder) *with* § 19.04 (manslaughter). A defendant acts recklessly if he "is aware of but consciously disregards a substantial and unjustifiable risk that . . . the result will occur . . . [such that the actor's disregard of the risk] constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* § 6.03(c).

8

Thus, to satisfy the second prong to be entitled to a lesser-included-offense question on manslaughter, there must be "some affirmative evidence that [the defendant] did not intend to cause serious bodily injury when he shot the victim" and "some affirmative evidence from which a rational juror could infer that [the defendant] was aware of but consciously disregarded a substantial and unjustifiable risk that death would occur as a result of his conduct," in other words, that he acted recklessly. *Cavazos*, 382 S.W.3d at 385. "Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." *Id.*

## B.    Agboso's assertions were speculation, not affirmative evidence

When asked whether Wilson intended to kill Young, Agboso testified, "I don't know. . . . I didn't know what he was thinking." Wilson established on cross-examination that Agboso previously told the investigating officers, "I know that he didn't mean to kill him," and, "[Wilson] probably just shot [at Young] to scare him." But these statements cannot be plucked from the record, isolated from the rest of the testimony and other evidence, and viewed in a vacuum to support submission of a lesser offense. *See Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986); *Shannon v. State*, No. 08-13-00320-CR, 2015 WL 6394922, at *9 (Tex. App.—El Paso Oct. 21, 2015, no pet.); *Arnold v. State*, 234 S.W.3d 664, 671–72 (Tex. App.—Houston [14th Dist.] 2007, no pet.). We must review the

9

entire record to determine whether a rational jury could have concluded that Wilson did not act intentionally. *See Shannon*, 2015 WL 6394922, at *9 (citing *Mathis v. State*, 67 S.W.3d 918, 926 (Tex. Crim. App. 2002)).

Agboso's other testimony establishes that his statements were no more than speculation: Agboso never saw Wilson's gun, never saw Wilson use the gun, and provided no basis for his theory that the shooting was only to scare Young. Agboso testified that he only knew about the gun because Young mentioned it as he ended the fistfight at the apartments. Agboso did not see Wilson pull out his gun just before he shot Young. Nor did he see Wilson actually shoot Young—either time. Agboso explained that his back was turned to both men when he heard the first gunshot. After hearing that gunshot, he immediately ran into the McDonalds because he was afraid of being shot by Wilson—whom he knew to be the only person with a weapon. He did not see Wilson fire the second shot. After hearing both shots, he hid from Wilson in the McDonalds.

Agboso's actions during the shooting were consistent with his statements that he feared being shot by Wilson; they do not support a theory that the shooting was accidental or without intent to kill. There is no evidence that Wilson told Agboso after the shooting it was an accident or that he intended something other than to shoot Young when he pulled out his gun and fired it twice in Young's direction while standing only a body-length away. There is no evidence of why

10

Agboso once made the statements to the police that it was only to scare Young and not intended to kill him. Nor is there any evidence to support a conclusion that Agboso had any factual basis for his assertions when he made them. All of Agboso's other testimony indicates that he viewed the shooting as a threat, not as an accident.

Because Agboso did not witness Wilson's efforts to shoot Young or receive any indication from Wilson of what his intentions were when he decided to elevate the conflict from a consensual fistfight to a shooting, Agboso's assertions were nothing more than speculation—a point he acknowledged when he later testified, "I didn't know what he was thinking." *See Gross v. State*, 380 S.W.3d 181, 188 (Tex. Crim. App. 2012) (defining "speculation" as "the mere theorizing or guessing about the possible meaning of the facts and evidence" and, by contrast, defining "inference" as "a conclusion reached by considering . . . facts and deducing a logical consequence from them"); *cf. Cavazos*, 382 S.W.3d at 384 (stating that "specific intent to kill may be inferred from the use of a deadly weapon").

Speculation is not affirmative evidence that will support submission of a lesser-included-offense question. *Cavazos*, 382 S.W.3d at 385 ("Meeting [the lesser-included-offense] threshold requires more than mere speculation—it

11

requires affirmative evidence . . . .”). Agboso's statements are insufficient to warrant a jury question on manslaughter.

## C.     No other affirmative evidence of recklessness

Wilson points to no other affirmative evidence that he acted only recklessly. There was no evidence that he inadvertently drew his gun or squeezed the trigger. There was no evidence about the direction he aimed his weapon that might have suggested that he intended to miss Young with his shots. In short, there was no affirmative evidence supporting the conclusion that he was guilty of manslaughter and not murder. The evidence, instead, was that Wilson and Young fought, Young disparaged Wilson's rap clique, and, moments later, Wilson shot Young twice with a deadly weapon while standing only a few feet away.

Because the record contains no affirmative evidence that Wilson acted only recklessly in causing Young's death, the trial court did not err by denying his request for a jury question on manslaughter. *See Cavazos*, 382 S.W.3d at 385 (requiring affirmative evidence that defendant did not intend to cause serious bodily injury when he shot and affirmative evidence that defendant acted only recklessly to warrant question on lesser-included offense); *see also Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999) (stating that lesser-included offense must be “valid, rational alternative” to charged offense) (citing *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997)).

We overrule this issue.

## Conclusion

We affirm Wilson's conviction.

Harvey Brown
Justice

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).