**AFFIRM; and Opinion Filed September 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01173-CR

**ADAM SCOTT THOMPSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1770953-V**

# MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

A jury convicted appellant Adam Scott Thompson of theft of property valued at less than $2,500, enhanced by two prior theft convictions, and assessed punishment, enhanced by two prior felony convictions, at five years' confinement. In a single issue, appellant contends the evidence is insufficient to support the jury's verdict. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

The indictment in this case alleged, in part, that on or about May 6, 2017, appellant "unlawfully appropriate[d] property . . . [by] exercis[ing] control over property . . . of the value of less than $2,500, without the effective consent of . . . Macy[']s, the owner of the said property, with the intent to deprive the said owner of the said property."

At trial, Yvette Copeland testified she was a certified loss protection detective at Macy's department store. Copeland was trained "to recognize suspicious behavior of people shoplifting,"

such as avoiding customer service, looking up at surveillance cameras, and removing merchandise tags. On the date in question, Copeland was monitoring Macy's closed circuit surveillance camera system and observed appellant and Andrea Morelle acting suspiciously. Video recordings from Macy's surveillance cameras were admitted into evidence and played for the jury.

Copeland testified that appellant and Morelle engaged in actions and behavior she had been trained to recognize as "indicator[s]" for shoplifting. According to Copeland, appellant and Morelle were "avoiding help" from store sales employees, looking for sensor tags when picking up clothing items, and "selecting merchandise with no regard to price tags."[1] Copeland also observed Morelle looking behind store registers for, and obtaining, an empty Macy's shopping bag without making a purchase, another indicator for shoplifting. Surveillance video footage showed appellant and Morelle examining and selecting clothing items in various departments in the store, and carrying the clothing items with them as they continued to browse. Appellant examined and selected clothing items, including jackets; examined sensors attached to clothing items; stood next to, watched, and talked with Morelle as she selected clothing items; handed clothing items, including a jacket, to Morelle; watched Morelle as she took an empty Macy's shopping bag from behind an unmanned checkout counter; and walked through the store with Morelle as she carried clothing items selected by both appellant and Morelle. Surveillance video footage then showed appellant and Morelle carrying clothing items, including jackets, into an area identified by Copeland as a men's dressing room. Copeland testified appellant and Morelle entered a single men's dressing room stall together with store merchandise.

When appellant and Morelle exited the dressing room together, Morelle "was carrying a Macy's shopping bag she did not have prior to coming into the store." Surveillance video footage

---

[1] Copeland testified that customers shopping for clothing typically either "look at the price and see how much it is," "look at the size and see if it fits them," or "scan it and see how much it is."

showed Morelle carrying a large, opaque plastic bag that was filled and twisted closed at the top so the contents were not visible. Immediately after exiting the men's dressing room, appellant walked directly behind Morelle as she carried the plastic bag to the store exit. Appellant and Morelle exited Macy's without paying for clothing items or other store merchandise. Margaret Garcia, a Macy's asset protection detective, testified she and Copeland's manager, Andrew DeGeorge, apprehended appellant and Morelle. According to Copeland, "the two North Face jackets [appellant and Morelle had] selected" were found inside the plastic bag Morelle was carrying when she and appellant were apprehended.[2] At trial, Copeland identified the jackets as stolen store merchandise.

After appellant and Morelle were apprehended, a detective at the scene found a switchblade in appellant's possession, a switchblade in Morelle's possession, pliers in Morelle's purse, and a lighter.[3] Copeland testified, based on her training and experience, that switchblades can be used to "rip the price tags off" or "cut a sensor out" by "cut[ting] the material [holding the sensor] off the merchandise"; lighters can be used to melt and remove a sensor from store merchandise; and pliers can be used to "cut the pin out of the sensor tags." Copeland testified that after appellant was apprehended, he said "he was sorry" and that "if [Copeland] let [him] go, [he would] never come back."

## SUFFICIENCY OF THE EVIDENCE

In a single issue, appellant contends the evidence is insufficient to support his conviction because there is no evidence he was the primary actor, and the evidence is insufficient to prove "anything more than [that he was] in the company of the primary actor at the time of the theft."

---

[2] Copeland testified she observed the apprehension on Macy's closed circuit surveillance camera system in the loss prevention office.

[3] Copeland testified she did not remember whether the lighter was found in the possession of appellant or Morelle.

*Standard of Review*

We review the sufficiency of the evidence to support a criminal conviction under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Fernandez v. State*, 479 S.W.3d 835, 837 (Tex. Crim. App. 2016). We examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 736 (Tex. Crim. App. 2018). As the factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). It is the jury's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). We defer to the jury's determinations of credibility and may not substitute our judgment for that of the factfinder. *Jackson*, 443 U.S. at 319; *see also Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018) ("An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence.") Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and, alone, may be sufficient to establish guilt. *Nisbett*, 552 S.W.3d at 262. "Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction." *Id*.

*Applicable Law*

A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2017). To appropriate property means "to acquire or otherwise exercise control over property other than real property," or to transfer to "title to or other nonpossessory interest in" property to a person

–4–

other than the property's owner. *Id.* §31.01(4). Appropriation is unlawful if it is without the owner's effective consent. *Id.* §31.03(b)(1).

In addition to authorizing appellant's conviction as a primary actor, the jury charge in this case also included an instruction on the law of parties. Under the law of parties, a person is criminally responsible for "an offense committed by the conduct of another" if the person solicits, encourages, directs, aids, or attempts to aid the other person with intent to promote or assist the commission of the offense. TEX. PENAL CODE ANN. §7.02(a)(2) (Vernon 2011). While physical presence, alone, is not sufficient to sustain a conviction as a party to an offense, it may be considered as a factor in determining guilt. *Gross v. State*, 380 S.W.3d 181, 188 (Tex. Crim. App. 2012). Evidence is sufficient to support a conviction under the law of parties if it shows the defendant was physically present at the commission of the offense and encouraged the commission of the offense either by words or other agreement. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985).[4]

Circumstantial evidence may be sufficient to sustain the conviction of an accused as a party to an offense. *Gross*, 380 S.W.3d at 186; *Wygal v. State*, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977).[5]

> Since an agreement between parties to act together in common design can seldom be proven by words, the State often must rely on the actions of the parties, shown by direct or circumstantial evidence, to establish an understanding or a common design to commit the offense.

*Leadon v. State*, 332 S.W.3d 600, 606 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In determining whether the accused participated as a party, a jury may consider events occurring before, during, and after the commission of the offense. *Gross*, 380 S.W.3d at 186. Each fact need

---

[4] *See also Pauley v. State*, No. 05-12-01202-CR, 2014 WL 1018327, at *3 (Tex. App.—Dallas Mar. 6, 2014, pet. dism'd) (mem. op., not designated for publication).

[5] *See also Dawson v. State*, No. 05-10-00488-CR, 2011 WL 1588004, at *4 (Tex. App.—Dallas Apr. 28, 2011, pet. ref'd) (not designated for publication).

not point directly to the guilt of the accused, "as long as the cumulative effect of the facts are sufficient to support the conviction under the law of parties." *Id*.

In this case, the jury was charged that appellant could be found guilty if, "with intent to promote or assist the commission of the offense, he aid[ed] or attempt[ed] to aid the other person to commit the offense. Mere presence alone is not sufficient to cause the defendant to be a party to the offense."

*Analysis*

Appellant contends the evidence is insufficient to support his conviction for theft because there is no evidence he was the primary actor, and the evidence is insufficient to show he aided Morelle as a party to the offense. In support of this contention, appellant argues the video footage: (1) showed no more than his "mere presence" with Morelle, precluding a conviction under the law of parties, and (2) contradicted Copeland's testimony regarding appellant's actions and behavior while shopping with Morelle.

The State responds that the record shows appellant was not "merely present"; he "acted with intent to promote or assist the commission of the theft"; and based on the entirety of the record, the jury rationally concluded beyond a reasonable doubt that appellant was guilty of theft as charged in the indictment. Specifically, the State argues,

> In addition to his presence at the scene of the crime, Appellant carried known shoplifting tools, avoided assistance, and ignored price tags while selecting merchandise, directed Morelle to find an empty shopping bag, selected the items Morelle ultimately carried out of the store, and apologized for his actions, noting he was aware [of] what was going on.

On this record, we agree with the State. The cumulative force of all of the evidence, including the circumstantial evidence, supports an inference of appellant's guilt.

Surveillance video footage showed appellant personally examining and selecting clothing items, including jackets; handing clothing items to Morelle for her to carry; standing with,

watching, and talking with Morelle as she selected clothing items; watching Morelle as she took an empty shopping bag from behind an unmanned checkout counter; and walking through the store with Morelle as they carried the clothing items. Record evidence shows appellant and Morelle entered a single men's dressing room together carrying clothing items, including jackets, then exited the dressing room together with Morelle carrying a large, filled, opaque plastic bag. Appellant walked directly behind Morelle as she carried the plastic bag out of the Macy's store in her left hand without paying for any clothing items or other store merchandise, then walked next to Morelle on her left side next to the plastic bag she was holding. Jackets, including a jacket appellant had selected and handed to Morelle to carry, were found inside the plastic bag. When he was apprehended, appellant was in possession of a switchblade, which can be used to remove store sensors from clothing items.

Viewed cumulatively, the evidence is sufficient to show a prior or contemporaneous plan between appellant and Morelle to commit theft, and that appellant, with the intent to promote and assist in the commission of the offense, encouraged, directed, aided, or attempted to aid the commission of theft of the clothing items. Considering all of the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support the jury's finding that appellant committed the offense of theft as a party to the offense. *See* TEX. PENAL CODE ANN. § 7.02(a). We thus need not address the sufficiency of the evidence to establish appellant's guilt as a primary actor. TEX. R. APP. P. 47.1; *Rabbani v. State*, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992) ("The principle is well-established that when the jury returns a general verdict and the evidence is sufficient to support a guilty finding under any of the allegations submitted, the verdict will be upheld.").

We resolve appellant's sole issue against him.  Accordingly, we affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

171173F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ADAM SCOTT THOMPSON, Appellant

No. 05-17-01173-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1770953-V.
Opinion delivered by Justice Fillmore, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of September, 2018.